MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN E. BOYER, | |
| Plaintiff, | CIVIL ACTION NO. 4:19-cv-01434 |
| v. | (BRANN, J.)<br>(SAPORITO, M.J.) |
| DAVID DONKOCHIK, et al., | |
| Defendants. | |

# MEMORANDUM

This is a *pro se* federal civil rights action. The plaintiff asserts excessive force and failure to protect claims against the defendants in connection with his arrest and detention on a technical parole violation warrant. The plaintiff is currently incarcerated pending trial on related criminal charges in state court.

The defendant recently moved for leave to depose the plaintiff pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure, and we granted that motion. (Doc. 53; Doc. 54.) Shortly thereafter, the plaintiff moved to stay all proceedings in this civil case pending resolution of his related criminal case to preserve his Fifth Amendment right against self-incrimination. (Doc. 56.) In their response to the motion, the defendants agree that a limited stay of some discovery is warranted, but they contend

that only oral depositions should be stayed, while written discovery should be permitted to proceed. (Doc. 62.)

The decision to stay a case rests within the sound discretion of the district court. *Barker v. Kane*, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016). When deciding whether to stay a civil case pending resolution of a related criminal proceeding, we consider the following factors:

> (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether [the moving party] ha[s] been indicted; (3) the [non-moving party's] interests in expeditious civil proceedings weighed against the prejudice to the [non-moving party] caused by the delay; (4) the burden on the [moving party]; (5) the interests of the court; and (6) the public interest.

*Id.* at 525–26.[1]

The non-moving defendants here have conceded in their brief that all six factors favor a stay in this case, with two qualifications. First, they suggest that fairness requires a stay with respect to *all* parties, not just the plaintiff. We agree.

Second, the defendants contend that the stay should be limited to

---

[1] We note that, in the typical case, the party seeking a stay is the defendant in both the criminal and civil cases. Here, however, it is the civil plaintiff who is a defendant in related criminal proceedings.

oral depositions—such that written discovery would be permitted—because interrogatories, requests for production, and other written requests for information do not implicate the plaintiff's Fifth Amendment rights.[2] But here, we disagree. It is clear how oral deposition of a *pro se* civil litigant concurrently defending himself against related criminal charges might jeopardize his Fifth Amendment right against self-incrimination, and the defendants concede as much. But written discovery may also place such a litigant's right against self-incrimination in jeopardy, particularly where proceeding *pro se*. *See, e.g.*, *United States v. Kordel*, 397 U.S. 1, 7 (1970) (criminal defendant forfeited his right to assert Fifth Amendment privilege regarding answers given to interrogatories in a prior civil proceeding); *United States v. Bell*, 217 F.R.D. 335, 339–40 (M.D. Pa. 2003) (recognizing that, while the content of voluntarily created documents are generally not protected by the Fifth Amendment, in some circumstances it may protect against the compelled act of producing them in discovery).

---

[2] A limited stay of discovery would be within our discretion. *See, e.g.*, *Piazza v. Young*, 403 F. Supp. 3d 421, 446 (M.D. Pa. 2019) (imposing limited stay of *some* discovery and proceedings with respect to certain—but not all—defendants). But we find a stay of all proceedings to be more appropriate at this time.

Under the circumstances of this case, having considered each of the several *Barker* factors, we find a six-month stay of all litigation in this case to be appropriate and fair to both sides. On or before October 15, 2020, the parties shall—jointly or separately—file written notice of the status of the plaintiff's criminal proceedings and the parties' respective position(s) with respect to whether the stay should be lifted, extended, or modified upon expiration of that six-month period.

An appropriate Order follows.

Dated: April 20, 2020　　　　　　　　　*s/Joseph F. Saporito, Jr.*
　　　　　　　　　　　　　　　　　　　JOSEPH F. SAPORITO, JR.
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge